Snyder agt. Hearman.

and county of New-York, and as deponent verily believes; and that, without the benefit of the testimony of each and every of the said witnesses, the plaintiffs cannot safely proceed to trial, as they are advised by said counsel and as deponent verily believes."

The affidavit then stated, " that the witnesses were material, as follows," giving the names of the witnesses, and certain facts which they were to prove respectively.

Plaintiffs' counsel insisted, that it was not necessary, in an affidavit to oppose a motion to change the venue, to state the matters as formally as was required in an affidavit for the motion; and that, at any rate, the defect was cured in this case by the plaintiff's disclosing the facts and circumstances in detail which he expects to prove by the witnesses.

M. T. REYNOLDS, *defendants' counsel.*
C. NASH, *defendants' attorney.*
F. S. EDWARDS, *plaintiffs' counsel.*
E. L. FANCHER, *plaintiffs' attorney.*

ANDREW SNYDER agt. JACOB HEARMAN and CHARLES HEARMAN, administrators, &c., of COONRAD HEARMAN, deceased.

Defendant can not both *plead* and *demur* to the *same part* of the declaration.
Where a declaration is held sufficient and the demurrer irregular and frivolous, defendant can not have leave to amend. (*See the case.*)

*September Term*, 1846.

MOTION by plaintiff to strike out defendants' demurrer with costs.

This was an action of debt on a bond executed by Coonrad Hearman to the plaintiff in the penalty of $500, recited and conditioned as follows : " Whereas it is said that Jacob Hearman, late of the town of Pittstown, in the county of Rensselaer, deceased, did in his will give a legacy of five hundred dollars to his daughter Mary, and also did in his will, said to be his last will and testament, give to her, the said Mary, a legacy which was to consist of one-fourth part of his per-[*280] sonal estate, and that either his *son Coonrad, or his daughter Esther, taking care and supporting her, the said Mary, should have the legacy which is bequeathed to her, the said Mary, in and by either of the aforesaid wills : *Therefore*, the condition of this obligation is such, that if the above bounden Coonrad Hearman, his heirs, executors, or administrators, do, and shall, from time to time and at all times hereafter, well and truly maintain and support, or cause the same to be done her, the said Mary, during her lifetime, both in sickness and in health, in a decent and becoming manner, then this obligation to be void—otherwise to be and remain in full force and virtue."

The declaration contained a single count, setting out the bond recital and condition and assigning as breaches thereof :

1. That although the said Mary, the daughter of the said Jacob Hearman, deceased, in the condition of the said writing obligatory named, had ever since the death of the said Jacob Hearman been, and then was, in full life, at Pittstown aforesaid, whereof the defendants, as administrators aforesaid, always then had notice, yet the said defendants, administrators as aforesaid, since the death of the said Jacob Hearman, although they were requested by the plaintiff so to do, had not, during the life of the said Mary, maintained and supported her, the said Mary, in sickness and in health, in a decent and becoming manner, nor caused the same to be done according to the form and effect of the said writing obligatory, and of

the said condition thereof, but on the contrary said defendants, administrators as aforesaid, since the death of the said Coonrad Hearman, for a long space of time during the life of the said Mary, to wit, from the first day of August, 1844, hitherto had wholly neglected and refused, and still neglected and refused so to do, to wit, at Pittstown aforesaid, contrary to the form and effect of the said writing obligatory, and of the said condition thereof, to the plaintiff's damage, of $500.

2. That although the said Mary, the daughter of the said Jacob Hearman, deceased, in the condition of the said writing obligatory named, had ever since the death of the said Coonrad been, and then was, in full life, at Pittstown aforesaid, whereof the said defendants, as administrators as aforesaid, always then had notice, yet the said defendants, administrators as aforesaid, since the death of the said Coonrad Hearman, and although they were requested by the plaintiff so to do, had not, during the life of the said Mary, maintained and supported her, the said Mary, in sickness and in health, in a decent and becoming manner, nor caused the same *to be done according to the form and effect of the [*281] said writing obligatory, and of the said condition thereof, but on the contrary, the said defendants, administrators as aforesaid, since the death of the said Coonrad Hearman, for a long space of time during the life of the said Mary, to wit, from the 1st day of August, 1844, hitherto had wholly neglected and refused, and still did neglect and refuse, in consequence of which said neglect and omission of the said defendants, administrators as aforesaid, to support and maintain the said Mary, the said plaintiff then and there became liable for the amount thereof, to wit, the sum of $500; and alleged that by means of the said several premises, the said writing obligatory became forfeited, and an action had accrued to demand and have of and from the said defendants, administrators, as aforesaid, the said sum of $500, which they, as such administrators, since the death of the said Coonrad Hearman, although requested, had not paid, but had refused so to do, to the said plaintiff's damage, of $500.

To the declaration the defendants interposed a plea of *non est factum* and a general demurrer, which was written underneath the plea, and assigned as special causes of demurrer:

*First*, that said declaration did not show that the said Mary Hearman, mentioned in said declaration, is deceased, but, on the contrary, shows that she was alive at the time of the commencement of the said suit.

*Second*, that the said declaration did not·show whether the said Coonrad Hearman did or did not, from the time of the date of the said bond mentioned in said declaration to the time of his decease, maintain and support, or cause to be maintained and supported, the said Mary Hearman.

*Third*, because it did not appear from said declaration that the said plaintiff gave any consideration for said bond, or had any interest in it; and that the breach assigned did not show or set forth how the said plaintiff became liable for the support of the said Mary Hearman.

The plaintiff moved to strike out the demurrer as irregular and frivolous.

J. ROMEYN, *plaintiff's counsel.*

SEYMOURS & ROMEYN, *plaintiff's attorneys.*

J. E. TAYLOR, *defendants' counsel and attorney.*

BRONSON, Chief Justice.  *Granted* the motion with costs, on the ground that it was not competent for the defendants to both plead and demur to the same part of the declaration.

*Held*, also, that the declaration was sufficient and the demurrer frivolous; therefore refused the defendants leave to amend.